IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRYAN L. WATSON,

      Plaintiff,

v.                                          Civil Action No. 5:09CV107
                                                   (STAMP)
JOHN C. WILSON and
AMERICAN HONDA MOTOR CO., INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT JOHN C. WILSON'S
MOTION FOR SUMMARY JUDGMENT
AND DENYING AS MOOT DEFENDANT
JOHN C. WILSON'S MOTION IN LIMINE**

I.  Procedural History

The plaintiff in the above-styled civil action, Bryan L. Watson, filed a complaint[1] in this Court against defendants John C. Wilson ("Wilson") and American Honda Motor Co., Inc. ("American Honda") alleging negligence against the defendants for injuries sustained in an all terrain vehicle ("ATV") accident. Defendants American Honda and Wilson each filed an answer and a cross-claim for contribution or indemnity.

On February 14, 2011, Wilson filed a motion for summary judgment. Initially, the plaintiff did not file a response to Wilson's motion. The plaintiff settled his claims against American

---

[1] On December 16, 2009, this Court granted the plaintiff's motion to file an amended complaint to correct the name of defendant John C. Wilson.

Honda. The plaintiff and American Honda then filed a joint motion for a determination of good-faith with respect to the plaintiff's settlement with American Honda, which motion this Court granted. After this Court granted the motion for determination of good faith settlement, American Honda and Wilson, at a hearing, withdrew their cross-claims for contribution or indemnity. On April 12, 2011, following a hearing, this Court established a briefing schedule to allow the plaintiff to file a late response to the motion for summary judgment and for Wilson to file a reply.[2] Thereafter, the plaintiff filed his response on April 12, 2011 and defendant Wilson filed his reply on April 14, 2011.

For the reasons set forth below, this Court grants Wilson's motion for summary judgment. Because this Court grants Wilson's motion for summary judgment, Wilson's motion in limine, dealing with references at trial to defendant Wilson's insurance coverage, is denied as moot.

## II. Facts

The plaintiff's grandfather, defendant John C. Wilson, purchased a 2007 Honda 400 EX ATV from a Honda dealership in Morgantown, West Virginia. The plaintiff and his parents were with

---

[2]On April 5, 2011, one week before the scheduled pretrial conference, the plaintiff filed a motion to continue trial and extend certain dates. In that motion, for the first time, the plaintiff raised the issue of a possible declaratory action or bad faith action against defendant Wilson's insurer, Allstate Insurance Company. This Court found that plaintiff did not show good cause for reopening discovery, which closed on January 31, 2011.

2

Wilson when he purchased the ATV. Wilson gave the ATV to the plaintiff for his use, but remained the titled owner of the ATV.

On September 27, 2007, the plaintiff was driving the ATV when he encountered a school bus, allegedly on his side of the road. The plaintiff steered the ATV off the right side of the road to miss colliding with the school bus and hit a pole. The plaintiff allegedly suffered head and facial injuries as a result of the crash. At the time of the accident, the plaintiff was 19 years old, a high school graduate, and had experience operating ATVs.

The plaintiff sued Wilson and American Honda for negligence for failure to warn, train, instruct, and supervise the plaintiff in the operation of the ATV and failure to provide or require that the plaintiff wear a helmet.

### III. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
>     (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23

(1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

4

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

In his amended complaint, the plaintiff contends that his grandfather, defendant Wilson was negligent. The plaintiff believes that Wilson owed him "the duty of using ordinary care and prudence when dealing with the plaintiff" and that this duty was breached when Wilson made the ATV available to the plaintiff, allegedly failing to warn, train, instruct, and supervise him in the operation of the ATV. In his response to the motion to dismiss, the plaintiff, for the first time, argues that Wilson is strictly liable to the plaintiff because ATVs are hazardous. The plaintiff argues that "Wilson failed to mitigate that hazardous activity by properly warning, training, or supervising Bryan Watson during or prior to the operation of the ATV, and Pennsylvania law holds ATV owners strictly liable for bodily injury to persons operating an ATV."

This Court finds that strict liability does not apply to this civil action. Pennsylvania law does not apply in this civil action. Even assuming Pennsylvania law did apply, the statute the plaintiff cites does not establish strict liability in this case. The Pennsylvania Code states that "[e]very owner of . . . an ATV <u>used or operated in this Commonwealth</u> shall be liable and responsible for . . . injury to person . . . resulting from negligence in the use or operation of such . . . ATV by any person using or operating the . . . ATV with the permission . . . of such owner." 75 Pa. Cons. Stat. § 7729(a) (emphasis added). The ATV at issue was not used or operated in Pennsylvania, but in West Virginia. Thus, the statute is not applicable. Furthermore, the statute goes on to state that "[t]he negligence of the operator shall not be attributed to the owner as to any claim or cause of action accruing to the operator or his legal representative for such injuries or death." 75 Pa. Cons. Stat. § 7729(b). Therefore, the statute clearly does not impose strict liability upon the owner of an ATV. The Pennsylvania statute the plaintiff cites which requires all operators of an ATV to wear a helmet is not applicable to an operator of an ATV in West Virginia.

The plaintiff cites a West Virginia statute that applies to ATV rental dealers. W. Va. Code § 17F-1-4. The statute does not apply in this case. Also, the West Virginia helmet statute requires operators under the age of 18 to wear a helmet while

operating an ATV.  W. Va. Code § 17F-1-1(a)(5).  The plaintiff was 19 years old at the time of the accident.

The plaintiff cannot point to any statute or case law which would impose a strict liability standard upon Wilson.  Accordingly, this Court will examine whether Wilson was negligent for failing to warn, train, instruct, or supervise pursuant to the standard duty of care for negligence.

In West Virginia, "[t]o prevail in a negligence suit, the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff."  Strahin v. Cleavenger, 603 S.E.2d 197, 205 (W. Va. 2004).  Thus, the threshold question is whether Wilson owed the plaintiff a duty.  Id.  "No action will lie without a duty broken."  Id.  Whether a duty to use care exists "is found in the foreseeability that harm may result if it is not exercised."  Syl. pt. 3, Sewell v. Gregory, 371 S.E.2d 82 (1988).  Thus, a court asks "would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?"  Id.  This question of whether Wilson owed the plaintiff a duty is a question of law for this Court.  Syl. pt. 4, Conley v. Stollings, 679 S.E.2d 594 (W. Va. 2009).

7

In this case, Wilson did not owe the plaintiff a duty of care. The plaintiff was 19 years old at the time of the accident. He lived by himself, though on his parents' property. He was a high school graduate. Wilson stated in his deposition that he showed the plaintiff the controls on the ATV in front of the plaintiff's parents and told the plaintiff to wear a helmet. The plaintiff Watson stated in his deposition that it would be fair to say that he had driven an ATV hundreds of times on his own and that he considered himself to be a good and safe driver. He further stated that he did not need any instruction from Wilson on how to be a good and safe driver or instruction that he should wear a helmet. The plaintiff also stated that he understood the pictorial warnings on the ATV, which advised the plaintiff to wear a helmet and not to drive on paved roadways. These facts show that an ordinary man in Wilson's position would owe no duty to the plaintiff. Because this Court finds that there is no duty owed to the plaintiff, there is no need to address the plaintiff's argument that defendant Wilson is the proximate cause of the accident. Accordingly, this Court must grant defendant Wilson's motion for summary judgment.

V. Conclusion

For the reasons stated above, John C. Wilson's motion for summary judgment (Document No. 35) is GRANTED and Wilson's motion in limine (Document No. 38) is DENIED AS MOOT. Accordingly, it is

ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    April 20, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE